demanded the inspection of prior statements, nevertheless he would be deemed charged with the knowledge of his predecessor in interest. In this case the plaintiff presents nothing to the court as a court of equity to call for an exercise of its inherent power to compel disclosure between trustee and cestui. Without showing any reason or object, he demands relief based solely on the implied terms of the mortgage. These do not warrant it. Complaint dismissed."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

N. Bijur, for appellant.
H. Parsons, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.

---

SARNO v. ATLANTIC STEVEDORING CO.

(Supreme Court, Appellate Division, Second Department. November 29, 1901.)

MASTER AND SERVANT—DEFECTIVE APPLIANCE—NEGLIGENCE.

The negligence in case of giving way of a guy made of wire, injuring employé, is that of the master, it having confided to its foreman the sole right and duty of selecting a suitable guy, and determining when it should be replaced, and the accident being caused by his negligence in failing to replace the guy with a new one after it had been subjected to undue strain and broken, of all which the employé had no notice.

Goodrich, P. J., dissenting.

Appeal from trial term, Kings county.

Action by Giuseppi Sarno against the Atlantic Stevedoring Company. From judgment for plaintiff and order denying new trial, defendant appeals. Affirmed.

The following is the opinion of the court below (SMITH, J.):

I do not think the selection of proper guys was a detail of the plaintiff's work. He had no part in the selection. He exercised no discretion whatever. He was obliged to rely entirely upon the judgment of Fortuna, the foreman to whom this duty was delegated by the defendant. I am also of the opinion that this case is distinguishable from the case of Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854. The guy in this case was made of wire. There is no evidence that under ordinary circumstances any necessity existed that it be frequently changed. There is no evidence that any of the workmen knew that there was a time limit of safety for its use. There is no evidence that any of the workmen could determine by observation when the limit of safety for any cause had been reached. There is no evidence that any of the workmen could give notice and get a new guy, or that they had ever done so. So far as it appears by the evidence, the defendant confided to its foreman the sole right and duty, not only of selecting in the first instance a suitable guy, but of determining when it should be replaced. The accident in this case was undoubtedly caused by the negligence of the foreman in failing to replace a guy with a new guy after it had been subjected to undue strain and broken, of all which the plaintiff had not the slightest notice. The duty of furnishing proper appliances for the use of the servant, and of exercising reasonable care and prudence to protect the servant from avoidable injury, is a duty of the master, and cannot be delegated. In this case the duty was

confided to the foreman, and his negligence in the performance thereof was not the negligence of a fellow servant, but is imputable to the master.

Motion for a new trial denied, and an extra allowance of five per cent. upon the recovery granted.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frank V. Johnson, for appellant.

Richard A. Rendich, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, upon the opinion of SMITH, J., denying motion for new trial.

GOODRICH, P. J., dissents.

---

OSTERBERG et al. v. RECTOR, ETC., OF TRINITY CHURCH IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   February 7, 1902.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—EVIDENCE—SUFFICIENCY.

Evidence, in an action for breach of contract employing plaintiff as consulting engineer, considered, and *held* insufficient to show a valid contract of employment, but only an unaccepted offer, by plaintiff to enter into such contract.

2. APPEAL—QUESTIONS CONSIDERED.

Where the question of error in allowing a recovery on an issue not presented by the complaint is not raised by an appeal by defendant, whose answer admits a liability on such issue, it will not be considered on plaintiff's appeal.

Laughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Max Osterberg and another against the Rector, Churchwardens and Vestrymen of Trinity Church in the City of New York. From a judgment in favor of the defendant, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John S. Melcher, for appellants.

Flamen B. Candler, for respondent.

INGRAHAM, J. The complaint alleges that the defendant retained and employed the plaintiffs as consulting engineers to supervise the general engineering work in connection with and required by the improvement of certain premises owned by the defendant, including the preparation of plans and specifications for the construction and installation of an electric plant, and the supervision of the same, and, in connection therewith and preliminary thereto, to investigate the report upon the electric plant then in existence and operation upon the said premises; that subsequent to such employment the defendant notified the plaintiffs in writing that the defendant would not require their services as electrical engineers in